IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 23-00281-EAG13 |
| HECTOR MANUEL FRANCISQUINI | Chapter 13 |
| Debtor(s) | ADVERSARY NUMBER: 23-00057-EAG |
| Hector Manuel Francisquini-Encarnacion | |
| Plaintiff(s) | |
| BANCO POPULAR DE PUERTO RICO | |
| OSMARIE NAVARRO MARTINEZ | |
| Defendant(s) | FILED & ENTERED ON APR/04/2025 |

OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by Banco Popular de Puerto Rico requesting the court to deny Hector Francisquini's objection to proof of claim number 5 (Dkt. No. 39) and the opposition to it filed by Mr. Francisquini. Additionally, Mr. Francisquini filed a motion for summary judgment (Dkt. No. 40) requesting the disallowance of proof of claim number 4, and Banco Popular opposed and filed a cross-motion for summary judgment. For the reasons stated below, the court grants summary judgment in favor of Banco Popular and denies Mr. Francisquini's request to disallow proofs of claim numbers 4 and 5.

**I. Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## II. <u>Introduction</u>

Before the filing of his bankruptcy petition, Mr. Francisquini executed a mortgage note on September 30, 2004, promising to pay Doral Mortgage Corp., or to order, the amount of $124,000.00 under terms and conditions specified therein. To secure the debt, Mr. Francisquini executed mortgage deed number 382 which encumbered a real property owned by Mr. Francisquini and located in Carolina, Puerto Rico. The lien over the property was recorded in the Property Registry. On February 27, 2015, the promissory note was transferred to Banco Popular. When Mr. Francisquini filed his bankruptcy petition, Banco Popular filed proof of claim number 4 for the secured amount of $69,877.29 owed on the mortgage note.

On June 15, 2005, Mr. Francisquini obtained two loans with Westernbank Puerto Rico for the amounts of $250,000.00 and $110,000.00 and executed two promissory notes to the order of Westernbank, or to the bearer, under terms and conditions specified therein, and in the amounts of $250,000.00 and $110,000.00. To secure the two loans, Mr. Francisquini also executed three mortgage notes in the amounts of $184,000, $110,000.00, and $66,000.00. In addition, he executed three mortgage deeds to provide the collateral: mortgage deed number 305 for $184,000.00 secured by a real property in Carolina, Puerto Rico and mortgage deeds number 306 and 307 in the amounts of $110,000.00 and $66,000.00, respectively, providing as collateral an additional real property located in Carolina.

The liens over the properties were recorded in the Property Registry. Subsequently, Banco Popular acquired the mortgage notes. On December 21, 2020, Banco Popular filed a collection of monies and foreclosure action in state court. The state court entered judgment against Mr. Francisquini in favor of Banco Popular on May 17, 2021, on these loans. When Mr. Francisquini filed his bankruptcy petition, Banco Popular filed proof of claim number 5 for the secured amount of $415,449.95.

Mr. Francisquini filed this adversary proceeding to disallow Banco Popular's proofs of claim numbers 4 and 5. Mr. Francisquini alleges that all the mortgage deeds securing proofs of claim numbers 4 and 5 are null and void. Mr. Francisquini also alleges that the state court action regarding proof of claim 5 was entered after the statute of limitations expired on the promissory notes and without jurisdiction.[2]

Banco Popular filed a motion for summary judgment arguing that res judicata bars Mr. Francisquini's objection to proof of claim 5 as there is a final judgment from the state court in its favor. Banco Popular additionally argues that the grounds Mr. Francisquini raises here to object to the debt underlying proof of claim 5 should have been raised in the state court proceedings, were not, and are now precluded.

On the other hand, Mr. Francisquini filed his own motion for summary judgment requesting the court to disallow proofs of claim numbers 4 and 5. Banco Popular also filed a cross-motion for

---

[2] Mr. Francisquini had also objected proof of claim number 2, However, in the joint scheduling report filed on December 21, 2023 (Dkt. No. 23), Mr. Franshisquini requested the voluntary dismissal of his objection to proof of claim number 2 which was granted by the court on March 19, 2024.

summary judgment regarding proof of claim 4. Banco Popular alleges that the mortgage note securing its proof of claim 4 does not have the defects alleged by Mr. Francisquini. Banco Popular states that the signature of the bank's representative was not necessary in the mortgage deed because the note is a negotiable instrument, and thus the signature of a bank representative is not required by the Mortgage and Registry of the Property Law, P.R. Laws Ann. tit. 30, § 2615. Also, Banco Popular says that Mr. Francisquini has failed to submit a certified copy of the deed which would be the best evidence to prove any defects in the mortgage deed.

**III. Uncontested Facts**

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

**A. Proof of Claim Number 4:**

1. On September 30, 2004, Mr. Francisquini executed a mortgage note in favor of Doral Mortgage Corp. or to order for $124,00.00. (Proof of Claim No. 4-1, p.p. 10-11.)

2. On the same date, Mr. Francisquini executed mortgage deed 382 to secure the mortgage note. (Proof of Claim No. 4-1 p.p. 13-35.)

3. Mortgage deed 382 was recorded in the Property Registry. (Proof of claim No. 4-1, Title Study, p. 41.)

**B. Proof of Claim Number 5:**

On May 17, 2021, the state court entered summary judgment against Mr. Francisquini in a monies and foreclosure action brought against him by Banco Popular, Civil Case No. CA2019CV04209. (Dkt. No. 39, Exhibit 1.)

The state court found that the following facts were uncontested:

1. On June 15, 2005, Mr. Francisquini executed an installment loan agreement by virtue of which Westernbank Puerto Rico granted him a loan in the principal amount of $250,000.00 under the terms and conditions specified in said agreement. And on the same date, Mr. Francisquini executed a promissory note in the principal amount of $250,000.00. (Dkt. No. 39, Exhibit 1, p. 2, ¶ 1 and 2.)

2. On the same date, Mr. Francisquini executed a second installment loan agreement by virtue of which Westernbank Puerto Rico granted him a loan in the principal amount of $110,000.00 under the terms and conditions specified in said agreement. Mr.

Francisquini executed a promissory note in the principal amount of $110,000.00 which would accrue interest as per the stipulations in the installment loan agreement. (Dkt. No. 39, Exhibit 1, p. 2, ¶ 3.)

3. To secure the payment and compliance of these obligations, Mr. Francisquini provided the following collateral:

a. Mortgage note executed on June 15, 2005, by Mr. Francisquini payable to Westernbank Puerto Rico, or to the order thereof, due on demand, in the amount of $184,000.00 duly endorsed to Banco Popular de Puerto Rico and secured by a mortgage constituted by mortgage deed 305, executed on the same date, and modified by means of deed of modification of note and mortgage deed 253 on November 17, 2009. (Dkt. No. 39, Exhibit 1, p. 2-3 ¶ 5(a).) The mortgage deeds encumber a property located in Carolina, P.R. (Dkt. No. 39, Exhibit 1, p. 3-4, ¶ 6.)

b. Also on June 15, 2005, Mr. Francisquini executed an additional mortgage note, payable to Westernbank Puerto Rico, due on demand, in the amount of $110,000.00 duly endorsed to Banco Popular de Puerto Rico and secured by a mortgage constituted by mortgage deed 306 executed on the same date; and another mortgage note executed on June 15, 2005, payable to Westernbank Puerto Rico, due on demand, in the amount of $66,000.00 duly endorsed to Banco Popular de Puerto Rico, and secured by a mortgage constituted by deed 307 executed on the same date. (Dkt. No. 39, Exhibit 1, p. 3, ¶ 5(b) and ¶ 5(c).) Both mortgages encumber an additional property on Carolina, P.R. (Dkt. No. 39, Exhibit 1, p. 4, ¶7.)

4. Mr. Francisquini defaulted on his payment obligations as of August 20, 2019. (Dkt. No. 39, Exhibit 1, p.4-5, ¶¶ 10, 11, 12 and 13.)

5. Pursuant to the Property Registry certifications in the state court file, the mortgages were recorded in the Property Registry. (Dkt. No. 39, Exhibit 1, p. 4, ¶ 14.)

6. Banco Popular was the holder in good faith and possessor for value and/or by endorsement of the mortgage notes pledged by Mr. Francisquini to secure the amounts of money claimed. (Dkt. No. 39, Exhibit 1, p. 4, ¶ 18.)

7. The state court granted summary judgment and ordered Mr. Francisquini to pay the combined principal amount of $266,559.25 plus the combined amount of $16,573.58 in interest which would continue to accrue on a daily basis at the stipulated interest rates; plus the combined amount of $36,000.00 stipulated for costs, expenses, and attorney's fees; plus any other fee and/or expense that accrues until the full and complete payment thereof. (Dkt. No. 39, Exhibit 1, p. 8.)

## IV. <u>Mr. Francisquini's Argument</u>

First, Mr. Francisquini alleges that mortgage deed number 382 executed on September 20, 2004, and mortgage deeds number 305, 306, and 307, all executed on July 15, 2005, are null and void because the mortgagee's representatives, respectively, did not sign the mortgage deeds. Mr. Francisquini argues that Article 196 of the Mortgage and Registry of the Property Act of 1979, as amended by Law No. 95 of 2008, does not apply to these mortgage deeds because the 2008 amendment occurred after the deeds were executed. P.R. Laws. Ann. tit. 30, § 2615. The 2008 amendment added a second paragraph to Article 196 which stated that the appearance of the mortgagee's representative in a mortgage deed was not required if the mortgage secured mortgage notes were negotiable instruments.

Also, as to mortgage deeds 305, 306 and 307 supporting proof of claim 5, Mr. Francisquini alleges that the mortgage notes were commercial notes that had a statutory bar date of three years under the Code of Commerce, P.R. Laws Ann. tit. 10, § 1901. The notes were executed on June 15, 2005. Although the state court entered a final judgment on May 17, 2021, against Mr. Francisquini, he alleges that the state court action was filed more than three years after the expiration of the statute of limitations on the mortgage notes, and the judgment was entered without jurisdiction. He also alleges that the legal provisions on res judicata in the Civil Code of Puerto Rico of 1930, P.R. Laws Ann. tit. 31, §§ 3341-3344 were abrogated. The provisions were not included in the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31, § 5311 et seq., and it is, therefore, no longer applicable in Puerto Rico. And even if the doctrine of res judicata survives, it is inapplicable because the state court lacked jurisdiction. Additionally, Mr. Francisquini says that he was not the owner of the real property when mortgage deed 305 encumbering the property was executed.

And finally, Mr. Francisquini also claims that mortgage note supporting proof of claim number 4 is voidable because the notarial acknowledgement in the mortgage note is defective under the Puerto Rico Notarial Act, P.R. Laws Ann. tit. 4, § 2092.

## V. **Banco Popular's Position**

### a. **Proof of Claim Number 4**

Banco Popular alleges that there is no notarial defect in the mortgage note. First, Banco Popular clarifies that Mr. Francisquini's personal circumstances were incorporated in the mortgage note by reference to mortgage deed 382, which was executed contemporaneously by Mr. Francisquini before Notary Public Joaquín Del Río-Rodríguez on September 4, 2004. Therefore, the notary public complied with Article 57 of the Notarial Act, P.R. Laws Ann. tit. 4, § 2092.

Banco Popular states that mortgage deed 382 was executed to secure the mortgage note as an instrument negotiable by endorsement, hence, "the appearance of the natural or juridical person to whom the same are issued shall not be necessary." The signature of Mr. Angel González Ríos is irrelevant to the validity and recordation of mortgage deed 382, which has been recorded in the Registry of Property, Second Section of Carolina, at page 87 of volume 1358 of property number 52182, third inscription. The fact that the Property Registrar recorded mortgage deed 382 shows that the mortgage deed complied with the notarial and mortgage laws of Puerto Rico. The Property Registrar's job is precisely to review and pass judgment on the legality of documents presented for recordation in the Property Registry.

But even if the signature of the bank's representative were required, the best evidence to prove that the signature was not included in the mortgage deed is a certified copy of the deed and Mr. Francisquini failed to submit it.

### b. **Proof of Claim Number 5**

Banco Popular argues that in objecting to proof of claim 5 Mr. Francisquini is an attempting to relitigate matters he lost in state court. Res judicata, or claim preclusion, forecloses litigation of all matters which have been litigated or might have been litigated in the state court case, as it serves the important purposes of preventing waste of judicial and party resources through vexatious and multiple lawsuits and of encouraging the rendering of consistent, reliable adjudications. All the requirements to apply res judicata are met. There is a prior judgment on the merits that is final and unappealable; there is perfect identity of thing or cause between both actions; and a perfect identity of the parties and the capacities in which they acted.

Finally, Mr. Francisquini alleges that the doctrine of res judicata is no longer applicable in Puerto Rico after the adoption of the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31, § 5311 et seq. However, the state courts continue to apply the res judicata doctrine as a matter of important public interest. Furthermore, the Puerto Rico Rules of Civil Procedure, Rule 6.3(p), and Rule 8(c) of the Federal Rules of Civil Procedure, both include res judicata as an affirmative defense. Therefore, the doctrine of res judicata is still applicable in Puerto Rico.

## VI. <u>Legal Analysis and Discussion</u>

### a. <u>Summary Judgment Standard</u>

The standard for summary judgment is well-known. Pursuant to Rule 56 made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." <u>Vega-Rodríguez v. P.R. Tel. Co.</u>, 110 F.3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. <u>McCarthy v. Northwest Airlines</u>, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." <u>Id</u>. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. <u>Id</u>. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. <u>See</u> <u>Calero-Cerezo v. United States DOJ,</u> 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." <u>Greenburg v. P.R. Mar. Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987); <u>see also</u> <u>Mulero-Rodriguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (Quoting <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28,34 (1st Cir. 1990)).

"Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." <u>Adria Int'l Grp., Inc. v. Ferre Dev., Inc.</u>, 241 F.3d 103, 107 (1st Cir. 2001). Thus, "a court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule 56." <u>United States v. 100,000 in United</u>

States Currency, 305 F. Supp. 3d 238, 245 (D. Mass. 2018) (quoting Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc., 761 F. Supp. 194, 197-98 (D. Mass. 1991).

"The [trial] court is freed from the usual constraints that attend the adjudication of summary judgment motions" when "'the basic dispute between the parties concerns the factual inferences. . . that one might draw from the more basic facts to which the parties have drawn the court's attention,' where 'there are no significant disagreements about those basic facts,' and where neither party has 'sought to introduce additional factual evidence or asked to present witnesses.'" Equal Employment Opportunity Comm'n v. Steamship Clerks Union 1066, 48 F.3d 594, 603 (1st Cir. 1995) (quoting Federacion de Empleados del Tribunal Gen. de Justicia v. Torres, 747 F.2d 35, 36 (1st Cir. 1984)). In those circumstances, "[t]he court may then engage in a certain amount of differential fact finding, including the sifting of inferences." Id.

The parties have established that no material issues of fact exists and that the court may enter judgment as a matter of law.

### b.  Collateral Estoppel and Res Judicata

"The doctrines of res judicata and collateral estoppel under both federal and state court jurisprudence preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered." Ortiz v. Ovalles (In re Ovalles), 619 B.R. 23, 32 (Bankr. D. P.R. 2020). (quoting Sistemas Integrados De Salud Del Suroeste, Inc. v. Medical Educ. & Health Servs. (In re Medical Educ. & Health Servs., 474 B.R. 44, 54 (D.P.R. 2012)). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." Medical Educ. & Health Servs., 474 B.R. at 54 (quoting United States v. Mendoza, 464 U.S. 154, 158, 104 S. Ct. 568, 78 L. Ed. 2d 379 (1984)).

"Res judicata applies when the following exist: '(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" Gonzalez-Pina v. Guillermo Rodriguez, 407 F.3d 425, 429 (1st Cir. 2005) (quoting Breneman v. United States ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004)).

"[F]or collateral estoppel to apply, three factors must be present: "there must be an identity of issues; the prior proceedings must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the same as or in privity with the party in the prior proceeding. Aguiar v. Santiago (In re Santiago), 2018 Bankr. LEXIS 913, *11-12 (Bankr. D. P.R. 2018).

The court finds that the requirements for res judicata are met. First, a final an unappealable order was entered by a state court. Second, the collection of monies and foreclosure action considers all matters and allegations regarding the loans and collateral. And third, the parties in

state court are the same parties in this adversary proceeding.  All the allegations in the objection to proof of claim 5 should have been brought in state court. Mr. Francisquini cannot relitigate or attempt to litigate matters that should have been brought in the state court action.

Mr. Francisquini argues that a suit to collect on the mortgage notes had a three-year statute of limitation under the Code of Commerce P.R., Laws Ann. tit. 10, § 1901. He argues that the statute of limitations expired before the state court litigation started and, thus, the state court judgment was entered without jurisdiction. But the statute of limitations on mortgage notes is not governed by the Code of Commerce. Negotiable instruments are governed by the Puerto Rico. Commercial Transactions Act, P.R. Laws Ann. tit. 19, § 401 et seq. See Firstbank Puerto Rico v. Registradora de la Propiedad de Ponce, 208 D.P.R. 64, 88-90 (2021). And the statute of limitations on mortgage notes is established in section 518 of the Commercial Transactions Act. P.R. Laws Ann. 19, § 518. "[A]n action to enforce the obligation of a party to pay a note secured by a real estate mortgage should be commenced within the period of time provided by § 5294 of Title 31 for the exercise of a mortgage action." P.R. Laws Ann. tit. 19, § 518(h). Section 5294 of the Puerto Rico Civil Code of 1930 stated that "[a] mortgage action prescribes after twenty (20) years . . . ." P.R. Laws Ann. tit. 31, § 5294. The Puerto Rico Civil Code of 2020 kept the 20-year statute of limitations. See P.R. Laws Ann. tit. 31, § 9496. Hence, an action to enforce a mortgage note is 20 years, and not three years as suggested Mr. Francisquini.

Finally, Mr. Francisquini states the doctrine of res judicata is not applicable in Puerto Rico because it is no longer codified in the Puerto Rico Civil Code of 2020. However, in a recent decision the Supreme Court of Puerto Rico recognized the doctrines of res judicata and collateral estoppel as affirmative defenses. Felipe Landrau Cabezudo v. Autoridad de los Puertos de Puerto Rico, 2025 PR Sup. LEXIS 3 (Jan. 15, 2025). Therefore, Mr. Francisquini's allegation that the doctrines are no longer applicable in Puerto Rico has no merit.

c. **Mortgage Notes Transferable by Endorsement and the Requirements of the Mortgage and Property Registry Law**

The mortgage note in proof of claim 4 was executed on September 4, 2004. Therefore, the applicable law is the Mortgage and Property Registry Law, Law No. 198 of August 1979, as amended. P.R. Laws Ann. tit. 30, § 2001 et seq. Article 196 of the Mortgage and Property Registry Law states:

> A mortgage deed to guarantee titles conveyable by endorsement or to the bearer shall consign, in addition to data usually included in all mortgage loans, those regarding the number and value of the titles issued, their corresponding serial numbers, the date or dates issued, the terms and manner in which they shall be paid off and any other data that may serve to determine the conditions of said titles; and when they are to the bearer, it shall be expressly shown that the mortgage is constituted in favor of their present or future holders. Therefore, the date and number of the deed and the authorizing notary must also appear in the titles issued.

> In the mortgage deeds originated to guarantee title to the bearer and in mortgages to guarantee titles conveyable by endorsement to a natural or juridical person, the appearance of the natural or juridical person to whom the same are issued shall not be necessary. The provisions of § 2605 of this title shall not be applicable to these mortgages.

P.R. Laws Ann. tit. 30, § 2615.

The second paragraph was added as an amendment by Law No. 95 of June 19, 2008. The statement of motives of the law states:

> The notary practice has demonstrated that when mortgages originate to secure negotiable instruments transferable by endorsement, the signature of the natural or juridical person to which it is issued to is unnecessary. Therefore, it is pertinent to amend article 196 of the referenced mortgage law to include a second paragraph to the article, to clarify and avoid the confusion that exists in the juridical community, with respect to a distinction to a direct mortgage, or of known creditor, and the one that secures a negotiable instrument.

Statement of Motives, Law No. 95 of June 19, 2008.

The 2008 amendment, therefore, was a codification of the accepted practice of the notarial law, to eliminate any confusion that may have existed regarding the need to obtain the signature of the bank's representative in a mortgage deed securing a mortgage note transferable by endorsement. The amendment was not a prospective change of the practice of the notarial law, as suggested by Mr. Francisquini, but rather a clarification of the common practice.

Under the Commercial Transactions Act, instruments payable to bearer or to order are transferable by endorsement. See P.R. Laws Ann. tit. 19, §§ 555 and 509(c). In this case, the mortgage note that supports proof of claim 4 was executed "in favor of Doral Mortgage Corp. or to order" and is transferable by endorsement. Therefore, the mortgage deed did not require the signature of the bank's representative under the Mortgage and Property Registry Law, Law No. 198 of August 1979, as amended. P.R. Laws Ann. tit. 30, § 2001 et seq. The mortgage deed thus is not null and void for not having the signature of the bank's representative, as alleged by Mr. Francisquini.

Finally, Mr. Francisquini's alleges that the mortgage note supporting proof of claim 4 is voidable because the personal circumstances of the debtor were not included in the notarial acknowledgement. Mr. Francisquini further states that the notarial acknowledgement did not state

the means by which the notary identified the debtor as required by section 2035 of the Notarial Act, P.R. Laws Ann. tit. 4, § 2035, which would also make the mortgage note voidable.

The mortgage note supporting proof of claim 4 contains a notarial acknowledgement as required by section 2091 of the Notarial Act. P.R. Laws Ann. tit. 4, §2091. Section 2095 of the Notarial Act specifies the grounds nullifying a notary's acknowledgement. The notarial acknowledgment is null and void only if it is not reported in the monthly index sent by the notary to the Office of the Notarial Inspector, does not bear the notary's signature, or is not included in the notary's Registry of Affidavits. See P.R, Laws Ann. tit. 4, §2095. None of those nullification grounds are alleged here.

## VII. Conclusion

For the reasons set forth above, the court grants the two motions for summary judgment filed by Banco Popular (Dkt. Nos. 39 and 41) and denies the motion for summary judgment filed by Mr. Francisquini (Dkt. No. 40). Thus, proofs of claim numbers 4 and 5 are allowed as filed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4 day of April, 2025.

Edward A. Godoy
United States Bankruptcy Judge